UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM D. NASTASI, *individually and on behalf of his minor son Sean Nastasi* | CIVIL ACTION |
| VERSUS | NO: 08-677 |
| SWIFT TRANSPORTATION CO., ET AL. | SECTION: "A" (5) |

## ORDER AND REASONS

Before the Court is a **Motion for Partial Summary Judgment (Rec. Doc. 74)** filed by the Defendants, Swift Transportation Co., Mohave Transportation Insurance Company, and Rosemary Guzman (collectively "Defendants"). The Plaintiff, William D. Nastasi, opposes the motion. The motion, set for hearing on July 22, 2009, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **DENIED**.

## I.   BACKGROUND

This matter arises out of an automobile accident that occurred in December 2006. The Plaintiff alleges that an 18-wheeler tractor/trailer rig lost control on Interstate 59 and struck Nastasi's vehicle. As a result of the alleged negligent conduct by the Defendants, Nastasi suffered

a torn medial meniscus in his knee that requires surgery. Among other things, the Plaintiff is suing for past, present, and future wages related to his occupation as a construction worker specializing in concrete construction.

In March 2009, the Defendants filed a Motion for Partial Summary Judgment (Rec. Doc. 24) seeking to exclude recovery for past lost wages by the limited liability company that Nastasi has a fifty (50) percent interest in (S.O.S. Construction, LLC). On April 15, 2009, the Court denied the Defendants' motion and allowed the Plaintiff to amend his complaint to add the limited liability company, S.O.S., as a party plaintiff for lost wage claims. The Plaintiff filed an amended complaint on May 14, 2009.

As a result of the amendment, the Defendants filed a Motion to Dismiss/Motion for Summary Judgment (Rec. Doc. 51) arguing that the claims of S.O.S. should be dismissed as prescribed. On June 10, 2009, the Court denied the Defendants' motion and found that the amended petition "relates back" to the original petition under Louisiana law (Rec. Doc. 56). The Court also denied the Defendants' Motion for Reconsideration, which argued that evidence in the Defendants' reply memorandum proved that the Plaintiff had not met the requirements to invoke the "relation back" doctrine (Rec. Doc. 71).[1]

The Defendants now move for summary judgment on the grounds that they did not receive the "Progressive" discovery responses relied upon by the Plaintiff to meet the "notice" factor of the relation back doctrine. (MSJ p. 8-9). The Defendants contend that they were not given the

---

[1] The Court considered the proposed reply memorandum (Rec. Doc. 55) before denying reconsideration.

discovery responses until June of 2009, which is after the prescriptive period for the S.O.S. claim and would fail to give them notice of a claim. (*Id.* at 9). Further, the Defendants claim that even if those discovery responses would have been provided, this still would not have been an indication of S.O.S. claims. (*Id.*).

In opposition, the Plaintiff argues that The Defendants are moving for essentially the same relief for the third time with essentially the same arguments (Mem. In Opp. p. 1) Further, the Plaintiff contends that it has already produced the discovery at issue and certify that the discovery responses were sent to all parties in July 2007. (*Id*. at 4).

## II.     DISCUSSION

Summary Judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed.R.Civ.P 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not

adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (1993)).

As stated in the Court's previous Order addressing the same issue, the Court has found that all of the circumstances required by *Giroir v. South Louisiana Medical Center*[2] are met. After reviewing the law and the arguments of the parties, the Court remains unconvinced by the Defendants' arguments regarding the relation back doctrine. Thus, the Defendants' argument that the claim has prescribed is without merit and summary judgment is improper.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 74)** filed by the Defendants is **DENIED**.

July 22, 2009

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[2] 475 So. 2d 1040, 1044 (La. 1985).